UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 99-4791

MARTELL WHITAKER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-98-1016)

Submitted: November 30, 2000

Decided: December 18, 2000

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Eduardo K. Curry, CURRY, CURRY & COUNTS, P.A., Charleston, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Martell Whitaker appeals his sentence for money laundering in violation of 18 U.S.C.A. § 1956 (West 1994 & Supp. 2000). We affirm.

Whitaker's only argument on appeal is that the district court violated the rule announced in the recent Supreme Court decision of *Apprendi v. New Jersey*, ___ U.S. ___, 68 U.S.L.W. 4576 (U.S. June 26, 2000) (No. 99-478), when it granted the Government's motion for an upward departure on the basis of conduct for which he had been acquitted at trial. This Court's recent decision in *United States v. Angle*, 230 F.3d 113 (4th Cir. 2000), makes clear that no *Apprendi* violation occurs where the sentence imposed does not exceed the statutorily prescribed maximum penalty. *Angle*, 230 F.3d at 120 ("Ultimately, a court may still consider aggravating and mitigating factors that support a specific sentence within the statutorily prescribed range when sentencing a defendant, so long as the sentence imposed is not greater than the maximum statutory penalty for the statutory offense established by the jury's verdict.").

Because the departure at issue did not result in a sentence exceeding the statutorily prescribed maximum of 240 months, we find that no *Apprendi* violation occurred. Accordingly, we affirm Whitaker's sentence and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*